UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLO WILLIAM LESTER, | Case No. 2:21-cv-01367-JDP (HC) |
| Petitioner, | ORDER: |
| v. | (1) GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | (2) FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GRANTING LEAVE TO AMEND WITHIN SIXTY DAYS |
| | ECF Nos. 1 & 6 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that the petition cannot proceed because petitioner is not alleging that his conviction is invalid. Rather, he is alleging that his conditions of confinement pose a risk to his health.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner argues that his current conditions of confinement put him at a heightened risk of contracting Covid-19. ECF No. 1 at 3. He argues that he should be considered for early release because of those conditions. *Id.* at 7. This claim is unsuited to a section 2254 petition because it does not attack the validity of his conviction. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (internal citations omitted). Courts considering similar claims have found that they are more appropriately raised in a section 1983 action. *See Bowman v. California*, No. EDCV 19-00184 RGK (RAO), 2019 WL 4740538, at *1-2 (C.D. Cal. June 26, 2019); *Macias v. Bradley*, No. CV 20-7114-RGK (PLA), 2020 WL 6681250, at *3 (C.D. Cal. Nov. 10, 2020). Remedying petitioner's allegedly deficient conditions of confinement does not necessarily require his release.

I will give petitioner leave to amend so that he may explain why this habeas action should proceed. He may also choose to convert this case into a section 1983 civil rights action.

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 6, is granted.

2. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

3. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   October 28, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE